**GENOVA BURNS LLC**
Peter F. Berk- 018592000
494 Broad Street
Newark, New Jersey 07102
TEL: (973) 533-0777
FAX: (973) 533-1112
Attorneys for Defendant, MXD Group, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRISTIAN A. BERNAL-DIAZ, RADHAMES DELROSARIO-JIMENEZ, FRANCIS NUNEZ, EMMANUEL PEREZ, EMANUEL SENA, WELLINGTON TORRES and CHARLTON R. SABINA-BUENO, on behalf of themselves and all other similarly situated persons, | Case No.: _____ |
| Plaintiffs, | |
| v. | **Diversity Removal From: Superior Court of New Jersey, Union County – Law Division Docket No. UNN-L-002971-17** |
| | **Notice of Removal to Adverse Parties and State Court Clerk** |
| MXD GROUP, INC., f/k/a EXEL DIRECT, INC., JAMIE RACKET, ABC CORPS. and JANE & JOHN DOES, | |
| Defendants. | |

TO:    Clerk of the Court
        Superior Court of New Jersey
        Union County – Law Division
        2 Broad Street
        Elizabeth, New Jersey 07207

        Ravi Sattiraju, Esq.
        The Sattiraju Law Firm
        116 Village Boulevard, Suite 200
        Princeton, New Jersey 08540

In accordance with 28 U.S.C. § 1446(d), Defendant, MXD Group, Inc. f/k/a Exel Direct, Inc. ("MXD"), respectfully files with you a copy of its Notice of Removal of this action to the United States District Court for the District of New Jersey (the "Notice"). The Notice has been filed in the United States District Court, and a copy of the Notice is attached hereto.

In accordance with 28 U.S.C. § 1446(d), the filing of the copy of this Notice effectuates the removal of this action from the State Court to the United States District Court, and "the State Court shall proceed no further unless and until this case is remanded."

Respectfully submitted,

_____s/Peter F. Berk,_____

Peter F. Berk
GENOVA BURNS LLC
494 Broad Street
Newark, NJ 07102
Tel: (973) 533-0777
Fax: (973) 533-1112
Attorney for Defendant, MXD Group, Inc.

14203255v1 (21832.005)

# Exhibit A

SUMMONS

Attorney(s)  Ravi Sattiraju, Esq.

Office Address  The Sattiraju Law Firm, P.C.

116 Village Boulevard, Suite 200

Town, State, Zip Code  Princeton, NJ 08540

Telephone Number  (609) 799-1266

Attorney(s) for Plaintiff

Cristian A. Bernal-Diaz, et. al., on behalf of themselves and all

other similarly situated persons,

    Plaintiff(s)

    Vs.

MXD Group, Inc, f/k/a Exel Direct, Inc., Jamie Rackett,

ABC Corps., and Jane & John Does

    Defendant(s)

## Superior Court of New Jersey

Essex                          COUNTY

Law                            DIVISION

Docket No:  ESX-L-2048-17

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

                    /s Michelle M. Smith
                    Clerk of the Superior Court

DATED:    03/28/2017

Name of Defendant to Be Served:    MXD Group, Inc., c/o Andrew J. Butcher, Esq.

Address of Defendant to Be Served:    30 West Monroe Street, Suite 60, Chicago, Illinois 60603

Appendix XII-B1

| | CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|



# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

**FOR USE BY CLERK'S OFFICE ONLY**
PAYMENT TYPE:  ☐ CK  ☐ CG  ☐ CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Ravi Sattiraju, Esq. | (609) 799-1266 | Essex |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| The Sattiraju Law Firm, P.C. | L 2048-17 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 116 Village Boulevard, Suite 200 Princeton, NJ 08540 | Complaint & Jury Trial Demand |
| | JURY DEMAND  ■ YES  ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Cristian A. Bernal-Diaz, et al., on behalf of themselves and all other similarly situated persons | Cristian A. Bernal-Diaz, et al. v. MXD Group, Inc, et al. |

| CASE TYPE NUMBER (See reverse side for listing) 509 | HURRICANE SANDY RELATED? ☐ YES  ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ■ NO |
|---|---|---|
| | | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ YES  ■ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES  ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ☐ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ■ YES  ☐ No | IF YES, IS THAT RELATIONSHIP: ■ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain) ☐ FAMILIAL  ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ■ YES  ☐ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES  ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES  ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *Ravi Sattiraju*



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151   NAME CHANGE
175   FORFEITURE
302   TENANCY
399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502   BOOK ACCOUNT (debt collection matters only)
505   OTHER INSURANCE CLAIM (including declaratory judgment actions)
506   PIP COVERAGE
510   UM or UIM CLAIM (coverage issues only)
511   ACTION ON NEGOTIABLE INSTRUMENT
512   LEMON LAW
801   SUMMARY ACTION
802   OPEN PUBLIC RECORDS ACT (summary action)
999   OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305   CONSTRUCTION
509   EMPLOYMENT (other than CEPA or LAD)
599   CONTRACT/COMMERCIAL TRANSACTION
603N  AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y  AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605   PERSONAL INJURY
610   AUTO NEGLIGENCE – PROPERTY DAMAGE
621   UM or UIM CLAIM (includes bodily injury)
699   TORT – OTHER

**Track III - 450 days' discovery**
005   CIVIL RIGHTS
301   CONDEMNATION
602   ASSAULT AND BATTERY
604   MEDICAL MALPRACTICE
606   PRODUCT LIABILITY
607   PROFESSIONAL MALPRACTICE
608   TOXIC TORT
609   DEFAMATION
616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617   INVERSE CONDEMNATION
618   LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303   MT. LAUREL
508   COMPLEX COMMERCIAL
513   COMPLEX CONSTRUCTION
514   INSURANCE FRAUD
620   FALSE CLAIMS ACT
701   ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
271   ACCUTANE/ISOTRETINOIN
274   RISPERDAL/SEROQUEL/ZYPREXA
281   BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282   FOSAMAX
285   STRYKER TRIDENT HIP IMPLANTS
286   LEVAQUIN
287   YAZ/YASMIN/OCELLA
289   REGLAN
290   POMPTON LAKES ENVIRONMENTAL LITIGATION
291   PELVIC MESH/GYNECARE

292   PELVIC MESH/BARD
293   DEPUY ASR HIP IMPLANT LITIGATION
295   ALLODERM REGENERATIVE TISSUE MATRIX
296   STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
297   MIRENA CONTRACEPTIVE DEVICE
299   OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
300   TALC-BASED BODY POWDERS
601   ASBESTOS
623   PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

**Please check off each applicable category**    ☐ **Putative Class Action**    ☐ **Title 59**

**THE SATTIRAJU LAW FIRM, P.C.**
Ravi Sattiraju, Esquire (Attorney Id. No. 035251998)
116 Village Boulevard, Suite 200
Princeton, New Jersey 08540
Tel: (609) 799-1266
Fax: (609) 228-5649
Email: rsattiraju@sattirajulawfirm.com
*Attorneys for Plaintiffs and All Other*
*Similarly Situated Persons*

SUPERIOR COURT OF NJ
CIVIL DIVISION
ESSEX VICINAGE

2017 MAR 10  P 3: 10

FINANCE DIVISION
RECEIVED/FILED
31

---

CRISTIAN A. BERNAL-DIAZ, RADHAMES
DELROSARIO-JIMENEZ, FRANCIS NUNEZ,
EMMANUEL PEREZ, EMANUEL SENA,
WELLINGTON TORRES and CHARLTON R.
SABINA-BUENO,

      On behalf of themselves and all other
      similarly situated persons,

      Plaintiffs,

v.

MXD GROUP, INC, f/k/a EXEL DIRECT,
INC., JAMIE RACKETT, ABC CORPS. and
JANE & JOHN DOES,

      Defendants.

| SUPERIOR COURT OF NEW JERSEY |
| ESSEX COUNTY |
| LAW DIVISION |

DOCKET NO.: ESX-L- 2 0 48 – 17

_CIVIL ACTION_

**CLASS ACTION COMPLAINT AND
JURY TRIAL DEMAND**

---

      Plaintiffs Cristian A. Bernal-Diaz, Radhames Delrosario-Jimenez, Francis Nunez,

Emmanuel Perez, Emanuel Sena, Wellington Torres and Charlton R. Sabina-Bueno (hereinafter

"Plaintiffs"), on behalf of themselves and all other similarly situated persons, by way of Class

Action Complaint against Defendants MXD Group, Inc., formerly known as Exel Direct, Inc.

("MXD"), Jamie Rackett, ABC Corps. and Jane and John Does, allege as follows:

## THE PARTIES & VENUE

1.     Plaintiff Cristian A. Bernal-Diaz has resided in the City of East Orange in the County of Essex in the State New Jersey at all times relevant to this matter and was employed by MXD in Monroe Township, New Jersey, from approximately September of 2014 to December of 2015.

2.     Plaintiff Radhames Delrosario-Jimenez has resided in the Town of Kearney in the County of Hudson in the State New Jersey at all times relevant to this matter and was employed by MXD in Monroe Township, New Jersey, from approximately 2011 to 2014.

3.     Plaintiff Francis Nunez has resided in the City of New Brunswick in the County of Middlesex in the State of New Jersey at all times relevant to this matter and was employed by MXD in the Township of Monroe in the County of Middlesex in the State of New Jersey, from approximately 2008 to 2013.

4.     Plaintiff Emmanuel Perez has resided in Somerset in the Township of Franklin in the County of Somerset in the State New Jersey at all times relevant to this matter and was employed by MXD in Monroe Township, New Jersey, from approximately 2010 to July 2015.

5.     Plaintiff Emanuel Sena has resided in the Township of North Brunswick in the County of Middlesex in the State New Jersey at all times relevant to this matter and was employed by MXD in Monroe Township, New Jersey, from approximately 2012 to 2013.

6.     Plaintiff Wellington Torres has resided in the City of Perth Amboy in the County of Middlesex in the State New Jersey at all times relevant to this matter and was employed by MXD in Monroe Township, New Jersey, from approximately 2011 to 2013.

2

7.     Plaintiff Charlton R. Sabina-Bueno has resided in Parlin in the Borough of Sayreville in the County of Middlesex in the State New Jersey at all times relevant to this matter and was employed by MXD in Monroe Township, New Jersey, from approximately 2013 to 2015.

8.     Williams-Sonoma, Inc. ("Williams-Sonoma") operates a distribution facility located at 340 Middlesex Center Boulevard in Monroe Township, New Jersey (the "Williams-Sonoma Facility").

9.     All of the above Plaintiffs worked for Defendant MXD as employees through JJP Trucking, LLC, ("JJP") which had a contract with MXD to provide trucking and delivery services out of the Williams-Sonoma Facility.

10.    The Class of similarly situated Plaintiffs, who all resided in New Jersey at all times relevant to this matter, is defined as:

> All individuals that were based out of the William-Sonoma Facility in Monroe Township, New Jersey, that performed truck driving functions from August 2013 to the present for MXD through JJP.[1]

11.    Truck Drivers such as Plaintiffs and the putative class members delivered goods from the Williams-Sonoma Facility to Williams-Sonoma customers.

12.    Defendant MXD Group, Inc., formerly known as Exel Direct, Inc. (hereinafter "MXD"), was at all relevant times herein, an employer of Plaintiffs, and certain other similarly situated employees, as defined by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq., and has its primary place of business at 350 Mac Lane, Keasbey, New Jersey 08832.

13.    Defendant Jamie Rackett ("Rackett") is a resident of the Township of Aberdeen in the County of Monmouth and State of New Jersey.

---

[1] The statute of limitations in this action is being tolled because the putative class members would have been members of a previously asserted class in a prior class action lawsuit in which class certification was ultimately denied.

14.     Defendant Rackett is Defendant MXD's General Manager at the Williams-Sonoma Facility and is in charge and responsible for overseeing and managing all aspects of MXD's operations at the Williams-Sonoma Facility.

15.     Defendant Rackett was at all relevant times herein, an employer of Plaintiffs, and certain other similarly situated employees, as defined by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq.

16.     Defendants ABC CORPS. and/or JANE and JOHN DOES are joint employers of the remaining other similarly situated employees, as defined by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq., which entered into agreements to provide Drivers for or with Defendants MXD and Rackett.

17.     Venue is proper in Essex County pursuant to R. 4:3-2(a)(3) because one of the parties to the action, to wit, Plaintiff Cristian A. Bernal-Diaz, resided in said County at the time of the commencement of this action.

## SPECIFIC ALLEGATIONS

18.     Plaintiffs and all Class Members were assigned to perform non-exempt tasks as Truck Drivers for MXD and were based out of the Williams-Sonoma Facility in Monroe Township, New Jersey.

19.     MXD entered into business relationships with other entities, including JJP, John and Jane Does and ABC Corps., to conceal the fact that it had an employer-employee relationship with Plaintiffs and all Class Members.

20.     MXD is a third-party logistics company that has a physical presence at William-Sonoma's Facility. MXD controlled the manner and means in which Plaintiffs and all Class Members performed their duties. Specifically, Plaintiffs and all Class Members all reported to work at the Williams-Sonoma Facility for MXD, took instruction from MXD employees,

communicated with MXD employees while delivering their routes during the workday and handled paperwork related to or pertaining to MXD. MXD had the authority to reprimand and terminate Plaintiffs and all Class Members. As such, MXD was an employer of Plaintiffs and all other Class Members under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq.

21.     Defendant Rackett, as MXD's General Manager at the Williams-Sonoma Facility who was charged with and responsible for overseeing and managing all aspects of MXD's operations at the Williams-Sonoma Facility, controlled the manner and means in which Plaintiffs and all Class Members performed their duties and therefore was an employer of Plaintiffs and all other Class Members under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq.

22.     John and Jane Does and/or ABC Corps. entered into agreements with MXD to provide Truck Drivers to work at the Williams- Sonoma Facility.

23.     MXD and John and Jane Does and/or ABC Corps. are employers under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq., because they controlled aspects of the employment of Plaintiffs and all other Class Members.

24.     Plaintiffs and all Class Members delivered furniture and other materials from the Williams-Sonoma Facility in Monroe, New Jersey, to its customers.

25.     Plaintiffs and Class Members are not independent contractors as defined by N.J.S.A. 43:21-19(i)(6)(A)(B)(C).

26.     Plaintiffs and Class members are not exempt under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq.

27.     Plaintiffs and Class Members routinely worked far in excess of forty (40) hours per week for Defendants and were not paid 1.5 times their hourly rate when they worked over forty (40) hours per week.

28.     Defendants' ongoing illegal policies of failing to pay Class Members for time worked has resulted in Class Members being denied substantial legally required compensation and/or overtime payments given that Class Members routinely worked in excess of forty hours per week.

29.     This action is brought and may properly proceed as a class action, pursuant to R. 4:32 of the Rules Governing the Courts of the State of New Jersey.

30.     The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

31.     There are questions of law and fact common to all members of the Class that predominate over questions affecting only individuals. These common questions include:

        a.  Whether Class Members were not paid 1.5 times their hourly rate when they worked over 40 hours per week; and

        b.  Whether this conduct violates the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq.

32.     Messrs. Bernal-Diaz, Delrosario-Jimenez, Nunez, Perez, Sena, Torres and Sabina-Bueno do not have interests antagonistic to those of the Class Members. Messrs. Bernal-Diaz, Delrosario-Jimenez, Nunez, Perez, Sena, Torres and Sabina-Bueno' claims are typical of the claims of the Class Members.

33.     Messrs. Bernal-Diaz, Delrosario-Jimenez, Nunez, Perez, Sena, Torres and Sabina-Bueno will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in this type of matter.

34.     Common questions of law and fact predominate over any questions that only affect individual class members.

35.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy, and will cause an orderly and expeditious administration of the Class' claims.

36.    The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications. Prosecution as a class action will also eliminate the possibility of repetitious litigation.

37.    This value of this matter falls below the $5 million threshold of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

## COUNT ONE

### (NEW JERSEY WAGE AND HOUR LAW)

38.    Plaintiffs reassert Paragraphs 1-37 as if set forth at length herein.

39.    Defendants' conduct against the Class Members violates the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq., by failing to compensate Class Members for all hours worked, and not paying overtime when Class Members worked over 40 hours per week.

40.    As a result of Defendants' conduct, the Class Members have endured significant economic damages.

**WHEREFORE,** Plaintiffs Cristian A. Bernal-Diaz, Radhames Delrosario-Jimenez, Francis Nunez, Emmanuel Perez, Emanuel Sena, Wellington Torres and Charlton R. Sabina-Bueno, on behalf of themselves and all other Class Members, respectfully requests that the Court enter judgment in their favor, together with (i) full compensation for all hours worked, including all legally required overtime payments, with interest; (ii) pre-judgment and post-judgment interest at the highest rates allowed by law; (iii) attorneys' fees, costs and expenses with appropriate enhancement; and (iv) all other legally permissible relief that the Court deems appropriate.

7

## DEMAND FOR JURY TRIAL

Pursuant to <u>Rule</u> 4:35-1, Plaintiffs hereby demand a trial by jury as to all issues so triable.

**THE SATTIRAJU LAW FIRM, P.C.**
Ravi Sattiraju, Esq.
116 Village Boulevard, Suite 200
Princeton, New Jersey 08540
*Attorneys for Plaintiffs and All Other*
*Similarly Situated Persons*

Date: March 15, 2017

## DESIGNATION OF TRIAL COUNSEL

Pursuant to <u>Rule</u> 4:5-1(c), Ravi Sattiraju, Esq. is hereby designated as trial counsel for Plaintiffs and all Class Members.

**THE SATTIRAJU LAW FIRM, P.C.**
Ravi Sattiraju, Esq.
116 Village Boulevard, Suite 200
Princeton, New Jersey 08540
*Attorneys for Plaintiffs and All Other*
*Similarly Situated Persons*

Date: March 15, 2017

## CERTIFICATION PURSUANT TO R. 4:5-1(b)(2)

I hereby certify, pursuant to <u>Rule</u> 4:5-1, that the matter in controversy herein is the subject of no other pending legal proceeding or arbitration nor is any other legal proceeding contemplated to the best of my information and belief. Further, I know of no other party who should be joined in this lawsuit.

RAVI SATTIRAJU

Date: March 15, 2017

## CERTIFICATION PURSUANT TO R. 4:5-1(b)(3)

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with <u>Rule</u> 1:38-7(b).

RAVI SATTIRAJU

Date: March 15, 2017

```
ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK        NJ 07102
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM

                     DATE:    MARCH 23, 2017
                     RE:      BERNAL-DIAZ VS MXD GROUP INC
                     DOCKET:  ESX L -002048 17

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

    DISCOVERY IS  300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON GRACE SPENCER

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (973) 776-9300.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                     ATTENTION:
                              CHARLTON R. SABINA-BUENO

                                   00000


JUMJB3
```

**THE SATTIRAJU LAW FIRM, P.C.**
Ravi Sattiraju, Esquire (Attorney Id. No. 035251998).
116 Village Boulevard, Suite 200
Princeton, New Jersey 08540
Tel: (609) 799-1266
Fax: (609) 228-5649
Email: rsattiraju@sattirajulawfirm.com
*Attorneys for Plaintiffs and All Other*
*Similarly Situated Persons*

| | |
|---|---|
| CRISTIAN A. BERNAL-DIAZ, RADHAMES DELROSARIO-JIMENEZ, FRANCIS NUNEZ, EMMANUEL PEREZ, EMANUEL SENA, WELLINGTON TORRES and CHARLTON R. SABINA-BUENO,<br><br>On behalf of themselves and all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>MXD GROUP, INC, f/k/a EXEL DIRECT, INC., JAMIE RACKETT, ABC CORPS. and JANE & JOHN DOES,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY ESSEX COUNTY LAW DIVISION<br><br>DOCKET NO.: ESX-L-2048-17<br><br>CIVIL ACTION<br><br><br>**NOTICE OF DISMISSAL WITHOUT PREJUDICE AS TO PLAINTIFF EMMANUEL PEREZ, _ONLY_** |

**TO:**   Clerk
SUPERIOR COURT OF NEW JERSEY
Essex County Law Division, Civil Part

**PLEASE TAKE NOTICE** pursuant to R. 4:37-1(a) that Plaintiff Emmanuel Perez, **only**, shall and is hereby dismissed as a Plaintiff in the above-captioned action without prejudice. To date, Defendants have not filed an Answer pleading or motion for summary judgment.

Respectfully submitted,

THE SATTIRAJU LAW FIRM, P.C.
Ravi Sattiraju, Esq.
116 Village Boulevard, Suite 200
Princeton, New Jersey 08540
*Attorneys for Plaintiffs and All Other*
*Similarly Situated Persons*

Date: May 11, 2017



GENOVA BURNS LLC
Peter F. Berk- 018592000
494 Broad Street
Newark, New Jersey 07102
TEL: (973) 533-0777
FAX: (973) 533-1112
Attorneys for Defendant, MXD Group, Inc.

| | |
|---|---|
| CRISTIAN A. BERNAL-DIAZ, RADHAMES DELROSARIO-JIMENEZ, FRANCIS NUNEZ, EMMANUEL PEREZ, EMANUEL SENA, WELLINGTON TORRES and CHARLTON R. SABINA-BUENO, on behalf of themselves and all other similarly situated persons, | SUPERIOR COURT OF NEW JERSEY ESSEX COUNTY - LAW DIVISION |
| Plaintiffs, | DOCKET NO.: ESX-L-2048-17 |
| v. | |
| MXD GROUP, INC., f/k/a EXEL DIRECT, INC., JAMIE RACKET, ABC CORPS. and JANE & JOHN DOES, | DEFENDANT MXD GROUP, INC.'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT |
| Defendants. | |

Defendant, MXD Group, Inc. f/k/a Exel Direct, Inc., ("MXD"), through its undersigned counsel, respectfully answers Plaintiffs' Class Action Complaint (the "Complaint"), pursuant to R. 4:5, et seq., as follows:

## THE PARTIES & VENUE

1.    Plaintiff Cristian A. Bernal-Diaz has resided in the City of East Orange in the County of Essex in the State of New Jersey at all times relevant to this matter

**Appendix XII-B1**

| CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|



## CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

FOR USE BY CLERK'S OFFICE ONLY
PAYMENT TYPE: ☐ CK ☐ CG ☐ CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Peter F. Berk, Esq. | (973) 533-0777 | Essex |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| GENOVA BURNS GIANTOMASI WEBSTER LLC | ESX-L-2048-17 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 494 Broad Street Newark, New Jersey 07102 | Answer |
| | JURY DEMAND ■ YES ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| MXD Group, Inc. f/k/a Exel Direct, Inc. | Cristian A. Bernal-Diaz, et al. v. MXD Group, Inc., et al. |

| CASE TYPE NUMBER (See reverse side for listing) 509 | HURRICANE SANDY RELATED? ☐ YES ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|---|
| | | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ■ YES ☐ No | IF YES, LIST DOCKET NUMBERS UNN-L-0963-17;UNN-L-0968-17;UNN-L-0962-17 |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ☐ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ■ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ■ YES ☐ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

This case is one of four filings by the same Plaintiffs' counsel against MXD Group, Inc. All four cases assert the same claim, and all four are subject to Partial Motions to Dismiss given the similarities each filing has with a previously litigated federal court action, which the same Plaintiffs' lawyer here also litigated.

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *Peter Berk*

GENOVA BURNS LLC
Peter F. Berk- 018592000
494 Broad Street
Newark, New Jersey 07102
TEL: (973) 533-0777
FAX: (973) 533-1112
Attorneys for Defendant, MXD Group, Inc.

| | |
|---|---|
| CRISTIAN A. BERNAL-DIAZ, RADHAMES DELROSARIO-JIMENEZ, FRANCIS NUNEZ, EMMANUEL PEREZ, EMANUEL SENA, WELLINGTON TORRES and CHARLTON R. SABINA-BUENO, on behalf of themselves and all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>MXD GROUP, INC., f/k/a EXEL DIRECT, INC., JAMIE RACKET, ABC CORPS. and JANE & JOHN DOES,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY ESSEX COUNTY - LAW DIVISION<br><br><br>DOCKET NO.: ESX-L-2048-17<br><br><br><br>DEFENDANT MXD GROUP, INC.'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT |

Defendant, MXD Group, Inc. f/k/a Exel Direct, Inc., ("MXD"), through its undersigned counsel, respectfully answers Plaintiffs' Class Action Complaint (the "Complaint"), pursuant to R. 4:5, et seq., as follows:

## THE PARTIES & VENUE

1.      Plaintiff Cristian A. Bernal-Diaz has resided in the City of East Orange in the County of Essex in the State of New Jersey at all times relevant to this matter

and was employed by MXD in Monroe Township, New Jersey, from approximately 2014 to December of 2015.

**ANSWER**:   MXD lacks knowledge or information sufficient to form a belief as to Plaintiff's residence at all times relevant to this matter and therefore denies that allegation. MXD denies the remaining allegations in Paragraph 1 of the Complaint.

2.    Plaintiff Radhames Delrosario-Jimenez has resided in the Town of Kearney in the County of Hudson in the State New Jersey at all times relevant to this matter and was employed by MXD in Monroe Township, New Jersey, from approximately September of 2014 to December of 2015.

**ANSWER**:   MXD lacks knowledge or information sufficient to form a belief as to Plaintiff's residence at all times relevant to this matter and therefore denies that allegation. MXD denies the remaining allegations in Paragraph 2 of the Complaint.

3.    Plaintiff Francis Nunez has resided in the City of New Brunswick in the County of Middlesex in the State New Jersey at all times relevant to this matter and was employed by MXD in the Township of Monroe in the County of Middlesex in the State of New Jersey, from approximately 2008 to 2013.

**ANSWER**:   MXD lacks knowledge or information sufficient to form a belief as to Plaintiff's residence at all times relevant to this matter and therefore denies that allegation. MXD denies the remaining allegations in Paragraph 3 of the Complaint.

4.    Plaintiff Emmanuel Perez has resided in Somerset in the Township of Franklin the County of Somerset in the State New Jersey at all times relevant to this

matter and was employed by MXD in Monroe Township, New Jersey, from approximately 2010 to July 2015.

**ANSWER**:    MXD lacks knowledge or information sufficient to form a belief as to Plaintiff's residence at all times relevant to this matter and therefore denies that allegation. MXD denies the remaining allegations in Paragraph 4 of the Complaint.

5.    Plaintiff Emanuel Sena has resided in the Township of North Brunswick in the County of Middlesex in the State of New Jersey at all times relevant to this matter and was employed by MXD in Monroe Township, New Jersey, from approximately 2012 to 2013.

**ANSWER**:    MXD lacks knowledge or information sufficient to form a belief as to Plaintiff's residence at all times relevant to this matter and therefore denies that allegation. MXD denies the remaining allegations in Paragraph 5 of the Complaint.

6.    Plaintiff Wellington Torres has resided in the City of Perth Amboy in the County of Middlesex in the State of New Jersey at all times relevant to this matter and was employed by MXD in Monroe Township, New Jersey, from approximately 2011 to 2013.

**ANSWER**:    MXD lacks knowledge or information sufficient to form a belief as to Plaintiff's residence at all times relevant to this matter and therefore denies that allegation. MXD denies the remaining allegations in Paragraph 6 of the Complaint.

7.    Plaintiff Charlton R. Sabina-Bueno has resided in Parlin in the Borough of Sayreville in the County of Middlesex in the State of New Jersey at all times

3

relevant to this matter and was employed by MXD in Monroe Township, New Jersey, from approximately 2013 to 2015.

**ANSWER**:   MXD lacks knowledge or information sufficient to form a belief as to Plaintiff's residence at all times relevant to this matter and therefore denies that allegation. MXD denies the remaining allegations in Paragraph 7 of the Complaint.

8.     Williams-Sonoma, Inc. ("Williams-Sonoma") operates a distribution facility located at 340 Middlesex Center Boulevard in Monroe Township, New Jersey (the "Williams-Sonoma Facility").

**ANSWER**:   MXD admits that it contracts with independent contractors to provide certain services that could include deliveries from the Williams-Sonoma Facility, but lacks knowledge or information sufficient to form a belief about the truth of the allegations about Williams-Sonoma's operations at that location, and therefore denies the remaining allegations in Paragraph 8 of the Complaint.

9.     All of the above Plaintiffs worked for Defendant MXD as employees through RJC Transportation, Inc. ("RJC") which had a contract with MXD to provide trucking and delivery services out of the Williams-Sonoma Facility.

**ANSWER**:   MXD admits that it contracts with independent contractors to provide certain services that could include trucking and delivery services out of the Williams-Sonoma Facility, but denies the remaining allegations in Paragraph 9 of the Complaint.

10.     The Class of similarly situated Plaintiffs, who all resided in New Jersey at all times relevant to this matter, is defined as:

4

> All individuals that were based out of the William-Sonoma Facility in Monroe Township, New Jersey, that performed truck driving functions from August 2013 to the present for MXD through RJC.

**ANSWER**: MXD admits Plaintiffs are attempting to bring this action on behalf of themselves and on behalf of a class, but denies the class description is appropriate and that the case is suitable for class action treatment under any circumstances, and denies the remaining allegations in Paragraph 10 of the Complaint.

11. Truck Drivers such as Plaintiffs and the putative class members delivered goods from the Williams-Sonoma Facility to Williams-Sonoma customers.

**ANSWER**: MXD admits that it contracts with independent contractors to provide certain services that could include deliveries from the Williams-Sonoma Facility, but denies the remaining allegations in Paragraph 11 of the Complaint.

12. Defendant MXD Group, Inc., formerly known as Exel Direct, Inc. (hereinafter "MXD"), was at all relevant times herein, an employer of Plaintiffs, and certain other similarly situated employees, as defined by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq., and has its primary place of business at 350 Mac Lane, Keasbey, New Jersey 08832.

**ANSWER**: MXD denies the allegations in Paragraph 12 of the Complaint.

13. Defendant Jamie Rackett ("Rackett") is a resident of the Township of Aberdeen in the County of Monmouth and State of New Jersey.

**ANSWER**: MXD lacks knowledge or information sufficient to form a belief as to Defendant Rackett's residence at all times relevant to this matter and therefore

denies that allegation. MXD denies the remaining allegations in Paragraph 13 of the Complaint.

14.    Defendant Rackett is Defendant MXD's General Manager at the Williams-Sonoma Facility and is in charge and responsible for overseeing and managing all aspects of MXD's operations at the Williams-Sonoma Facility.

**ANSWER**:  MXD admits Defendant Rackett was a former General Manager for MXD, but denies the remaining allegations in Paragraph 14 of the Complaint.

15.    Defendant Rackett was at all relevant times herein, an employer of Plaintiffs, and certain other similarly situated employees, as defined by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq.

**ANSWER**:  MXD denies the allegations in Paragraph 15 of the Complaint.

16.    Defendants ABC CORPS. and/or JANE and JOHN DOES are joint employers of the remaining other similarly situated employees, as defined by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq. which entered into agreements to provide Drivers for or with Defendants MXD and Rackett.

**ANSWER**:  MXD denies the allegations in Paragraph 16 of the Complaint.

17.    Venue is proper in Union County pursuant to R. 4:3-2(a)(3) because one of the parties to the action, to wit, Plaintiff Cristian A. Bernal-Diaz, resided in said County at the time of the commencement of this action.

**ANSWER**:  MXD lacks knowledge or information sufficient to form a belief as to Plaintiff's residence at the time of the commencement of this action, and therefore denies the allegations in Paragraph 17 of the Complaint.

6

## SPECIFIC ALLEGATIONS

18.    Plaintiffs and all Class Members were assigned to perform non-exempt tasks as Truck Drivers for MXD and were based out of the Williams-Sonoma Facility in Monroe Township, New Jersey.

**ANSWER**:   MXD denies the allegations in Paragraph 18 of the Complaint.

19.    MXD entered into business relationships with other entities, including RJC, John and Jane Does and ABC Corps., to conceal the fact that it had an employer-employee relationship with Plaintiffs and all Class Members.

**ANSWER**:   MXD denies the allegations in Paragraph 19 of the Complaint.

20.    MXD is a third-party logistics company that has a physical presence at William-Sonoma's Facility. MXD controlled the manner and means in which Plaintiffs and all Class Members performed their duties. Specifically, Plaintiffs and all Class Members all reported to work at the Williams-Sonoma Facility for MXD, took instruction from MXD employees, communicated with MXD employees while delivering their routes during the workday and handled paperwork related to or pertaining to MXD. MXD had the authority to reprimand and terminate Plaintiffs and all Class Members. As such, MXD was an employer of Plaintiffs and all other Class Members under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq.

**ANSWER**:   MXD admits that it is a third-party logistics company, but denies the remaining allegations in Paragraph 20 of the Complaint.

21.    Defendant Rackett, as MXD's General Manager at the Williams-Sonoma Facility who was charged with and responsible for overseeing and managing all aspects of MXD's operations at the Williams-Sonoma Facility, controlled the manner and means in which Plaintiffs and all Class Members performed their duties and therefore was an employer of Plaintiffs and all other Class Members under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq.

**ANSWER**:  MXD admits Defendant Rackett was a former General Manager for MXD, but denies the remaining allegations in Paragraph 21 of the Complaint.

22.    John and Jane Does and/or ABC Corps. entered into agreements with MXD to provide Truck Drivers to work at the Williams-Sonoma Facility.

**ANSWER**:  MXD admits that it contracts with independent contractors to provide certain services that could include work at the Williams-Sonoma Facility, but denies the remaining allegations in Paragraph 22 of the Complaint.

23.    MXD and John and Jane Does and/or ABC Corps. are employers under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq., because they controlled aspects of the employment of Plaintiffs and all other Class Members.

**ANSWER**:  MXD lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint regarding John and Jane Does and/or ABC Corps., and therefore denies those allegations. MXD denies the remaining allegations in Paragraph 23 of the Complaint.

24.    Plaintiffs and all Class Members delivered furniture and other materials from the Williams-Sonoma Facility in Monroe, New Jersey, to its customers.

**ANSWER**:  MXD admits that it contracts with independent contractors to provide certain services that could include deliveries from the Williams-Sonoma Facility, but denies the remaining allegations in Paragraph 24 of the Complaint.

25.    Plaintiffs and Class Members are not independent contractors as defined by N.J.S.A. 43:21-19(i)(6)(A)(B)(C).

**ANSWER**:  MXD denies the allegations in Paragraph 25 of the Complaint.

26.    Plaintiffs and Class members are not exempt under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq.

**ANSWER**:  MXD denies the allegations in Paragraph 26 of the Complaint.

27.    Plaintiffs and Class Members routinely worked far in excess of forty (40) hours per week for Defendants and were not paid 1.5 times their hourly rate when they worked over forty (40) hours per week.

**ANSWER**:  MXD denies the allegations in Paragraph 27 of the Complaint.

28.    Defendants' ongoing illegal policies of failing to pay Class Members for time worked has resulted in Class Members being denied substantial legally required compensation and/or overtime payments given that Class Members routinely worked in excess of forty hours per week.

**ANSWER**:  MXD denies the allegations in Paragraph 28 of the Complaint.

9

29.    This action is brought and may properly proceed as a class action, pursuant to R. 4:32 of the Rules Governing the Courts of the State of New Jersey.

**ANSWER**:  MXD admits Plaintiffs are attempting to bring this action as a class action, but denies the remaining allegations in Paragraph 29 of the Complaint, including that this case is suitable for class action treatment.

30.    The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

**ANSWER**:  MXD denies the allegations in Paragraph 30 of the Complaint.

31.    There are questions of law and fact common to all members of the Class that predominate over questions affecting only individuals. These common questions include:

a. Whether Class Members were not paid 1.5 times their hourly rate when they worked over 40 hours per week; and

b. Whether this conduct violates the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq.

**ANSWER**:  MXD denies the allegations in Paragraph 31 of the Complaint, including Subparagraphs "a" and "b" of Paragraph 31 of the Complaint.

32.    Messrs. Bernal Diaz, Delrosario-Jimenez, Nunez, Perez, Sena, Torres and Sabina-Bueno do not have interests antagonistic to those of the Class Members. Messrs. Marte and Lopez-Vega's claims are typical of the claims of the Class Members.

**ANSWER**:  MXD denies the allegations in Paragraph 32 of the Complaint.

33.     Messrs. Bernal Diaz, Delrosario-Jimenez, Nunez, Perez, Sena, Torres and Sabina-Bueno will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in this type of matter.

**ANSWER**:   MXD denies the allegations in Paragraph 33 of the Complaint.

34.     Common questions of law and fact predominate over any questions that only affect individual class members.

**ANSWER**:   MXD denies the allegations in Paragraph 34 of the Complaint.

35.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, and will cause an orderly and expeditious administration of the Class' claims.

**ANSWER**:   MXD denies the allegations in Paragraph 35 of the Complaint.

36.     The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications. Prosecution as a class action will also eliminate the possibility of repetitious litigation.

**ANSWER**:   MXD denies the allegations in Paragraph 36 of the Complaint.

37.     This value of this matter falls below the $5 million threshold of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

**ANSWER**:   MXD lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint, and therefore denies the allegations in Paragraph 37 of the Complaint.

## COUNT ONE

## (NEW JERSEY WAGE AND HOUR LAW)

38.    Plaintiffs reassert Paragraphs 1-37 as if set forth at length herein.

**ANSWER**:    MXD incorporates by reference its answers to the allegations in all previous paragraphs of this Complaint as its answer to Paragraph 38 of the Complaint.

39.    Defendants' conduct against the Class Members violates the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq., by failing to compensate Class Members for all hours worked, and not paying overtime when Class Members worked over 40 hours per week.

**ANSWER**:    MXD denies the allegations in Paragraph 39 of the Complaint.

40.    As a result of Defendants' conduct, the Class Members have endured significant economic damages.

**ANSWER**:    MXD denies the allegations in Paragraph 40 of the Complaint.

## PRAYER FOR RELIEF

MXD denies that Plaintiffs are entitled to any of the relief requested in their Complaint, including the relief requested within the "WHEREFORE" paragraph on page 7 of the Complaint.

## OBJECTION TO JURY TRIAL

MXD objects to a trial by jury on all issues to which Plaintiffs are not entitled to a jury trial as a matter of law.

## AFFIRMATIVE DEFENSES

12

MXD, pursuant to R. 4:6-1, et seq., asserts the following Affirmative Defenses to the Complaint and the claims of the putative class members Plaintiffs seek to represent:

1.      As non-employees of MXD, Plaintiffs and the purported class members are not entitled to any of the relief requested.

2.      Plaintiffs have waived any claims and should be estopped from asserting claims that they may have against MXD.

3.      Plaintiffs' claims for damages are barred, in whole or in part, by Plaintiffs' failure to mitigate their damages.

4.      Some or all of Plaintiffs' claims are barred by the entire controversy doctrine and/or N.J. Ct. R. R. 4:30A.

5.      In the event MXD is found to employ Plaintiffs, Plaintiffs' claims are barred under N.J. Stat. § 34:11-56a25.2.

6.      MXD at all times acted in good faith, and has reasonable grounds for believing its practices complied with New Jersey law, and any claims for penalties, damages, or liquidated damages are improper.

7.      Some or all of Plaintiffs' claims are barred by accord and satisfaction.

8.      Some or all of Plaintiffs' claims are barred by the doctrine of laches.

9.      Some or all of Plaintiffs' claims are barred by the doctrine of payment.

10.     Some or all of Plaintiffs' claims are barred by the doctrine of unclean hands and/or waiver.

11.    Some or all of Plaintiffs' claims should be reduced by the doctrine of set-off.

12.    Some or all of Plaintiffs' claims are barred by the doctrine of estoppel.

13.    Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

14.    Some or all of Plaintiffs' claims are barred because Plaintiffs consented to the alleged conduct of MXD.

15.    Plaintiffs' class allegations are barred under principles of comity.

16.    The Complaint should be dismissed because Plaintiffs failed to state a claim upon which relief can be granted.

17.    The Complaint should be dismissed because Plaintiffs have failed to exhaust all administrative remedies available and required to secure the benefits and protections to which they claim to have been entitled pursuant to applicable law.

18.    To the extent Plaintiffs seek to recover equitable relief, Plaintiffs are not entitled to such relief because they have an adequate remedy at law.

19.    To the extent Plaintiffs lack standing, their claims should be dismissed.

20.    Plaintiffs' claims cannot be maintained on a class action basis because Plaintiffs' claims fail to meet the necessary requirements for certification as a class action.

21.    Some or all of Plaintiffs' claims are preempted by federal statutes and regulations, including the Federal Aviation Administration Authorization Act of 1994.

22.    Some or all of Plaintiffs' claims are barred because MXD has paid Plaintiffs in full.

23.    If Plaintiffs were to recover in this action, they would be unjustly enriched.

24.    Plaintiffs' claims must be dismissed to the extent they relate to work activities performed outside New Jersey because New Jersey law does not apply to work activities performed outside the state.

25.    Plaintiffs are exempt from the payment of overtime as alleged in the Complaint.

26.    The compensation paid to Plaintiffs covered all hours worked and expenses incurred, including any alleged backpay and/or overtime pay.

27.    MXD will rely on all defenses lawfully available to it at the time of trial and reserves the right to amend its answer and affirmative defenses to include additional defenses after the completion of discovery.

28.    Without waiving its ability to oppose class certification and explicitly asserting its opposition to the propriety of class treatment, if the Court does certify a class in this case over MXD's objections, then MXD asserts the affirmative defenses set forth above against each and every member of the certified class.

MXD respectfully requests that (a) this action not be certified as a class action; (b) Plaintiffs be denied all relief and take nothing by the way of their Complaint; (c) judgment be entered against Plaintiffs and in favor of MXD; (d) MXD be awarded its

attorneys' fees and costs incurred in this action; and (e) MXD be awarded all other necessary and proper relief.

Dated: May 22, 2017                          Respectfully submitted,

                                             **MXD GROUP, INC.**

                                             By:_____
                                                 One of its Attorneys

Peter F. Berk- 018592000
GENOVA BURNS LLC
494 Broad Street
Newark, New Jersey 07102
TEL: (973) 533-0777
FAX: (973) 533-1112

## RULE 4:5-2 DEMAND FOR STATEMENT OF DAMAGES

MXD demands the Plaintiffs furnish MXD with a written statement of the amount claimed by Plaintiffs in the Complaint within five (5) days of receipt hereof.

_____
GENOVA BURNS LLC

16

Peter F. Berk
494 Broad Street
Newark, NJ 07102
TEL: (973) 533-0777
FAX: (973) 533-1112
Attorneys for Defendant MXD Group, Inc.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R. 4:25-4, the Court is advised that Mr. Peter Berk is hereby designated as trial counsel. The case shall be tried by Mr. Berk as well as Mr. Andrew Butcher (who will request admission *pro hac vice*), and Mr. Adam Smedstad (who will request admission *pro hac vice*).

GENOVA BURNS LLC
Peter F. Berk
494 Broad Street
Newark, NJ 07102
TEL: (973) 533-0777
FAX: (973) 533-1112
Attorneys for Defendant MXD Group, Inc.

Dated: May 22, 2017

## CERTIFICATION PURSUANT TO R. 4:5-1(b)(2)

Defendant MXD Group, Inc., through its counsel, hereby certifies that, to the best of its knowledge and belief: (i) the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding; and (ii) no other party should be joined in the within action.

17

_(signature)_

GENOVA BURNS LLC
Peter F. Berk
494 Broad Street
Newark, NJ 07102
TEL: (973) 533-0777
FAX: (973) 533-1112
Attorneys for Defendant MXD Group, Inc.

Dated: May 22, 2017

## CERTIFICATE OF SERVICE

I, Peter F. Berk, am an attorney at law of the State of New Jersey and an associate with the firm of Genova Burns LLC, attorneys for Defendant MXD Group, Inc. in the above captioned matter.

1.    I hereby certify that the above Answer was served within the time prescribed, as extended by Stipulation of the parties, by R. 4:6-1.

2.    On May 22, 2017, I caused one copy of the within Answer, together with the Case Information Statement to be forwarded by my office in Newark, New Jersey by Overnight Mail to the following persons:

Ravi Sattiraju, Esq.
The Sattiraju Law Firm, P.C.
116 Village Blvd., Suite 200
Princeton, New Jersey 08540

3.    I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: _(signature)_

Peter F. Berk

18

4839-8620-7305, v. 1

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

---

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

**Track III - 450 days' discovery**
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
271 ACCUTANE/ISOTRETINOIN
274 RISPERDAL/SEROQUEL/ZYPREXA
281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282 FOSAMAX
285 STRYKER TRIDENT HIP IMPLANTS
286 LEVAQUIN
287 YAZ/YASMIN/OCELLA
289 REGLAN
290 POMPTON LAKES ENVIRONMENTAL LITIGATION
291 PELVIC MESH/GYNECARE
292 PELVIC MESH/BARD
293 DEPUY ASR HIP IMPLANT LITIGATION
295 ALLODERM REGENERATIVE TISSUE MATRIX
296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
297 MIRENA CONTRACEPTIVE DEVICE
299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
300 TALC-BASED BODY POWDERS
601 ASBESTOS
623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

**Please check off each applicable category** ▣ **Putative Class Action**    ☐ **Title 59**

GENOVA BURNS LLC
Peter F. Berk- 018592000
494 Broad Street
Newark, New Jersey 07102
TEL: (973) 533-0777
FAX: (973) 533-1112
Attorneys for Defendant, MXD Group, Inc. f/k/a Exel Direct, Inc.

|  |  |
|---|---|
| CRISTIAN A. BERNAL-DIAZ, RADHAMES DELROSARIO-JIMENEZ, FRANCIS NUNEZ, EMMANUEL PEREZ, EMANUEL SENA, WELLINGTON TORRES AND CHARLTON R. SABINA-BUENO, on behalf of themselves and all other similarly situated persons, | SUPERIOR COURT OF NEW JERSEY ESSEX COUNTY - LAW DIVISION |
|  | DOCKET NO.: ESX-L-2048-17 |
| Plaintiffs, | |
| v. | **MXD GROUP INC.'S NOTICE OF PARTIAL MOTION TO DISMISS THE COMPLAINT PURSUANT TO R. 4:6-2 (e)** |
| MXD GROUP, INC., f/k/a EXEL DIRECT, INC., JAMIE RACKETT, ABC CORPS. and JANE & JOHN DOES, | |
| Defendants. | |

TO:    Ravi Sattiraju, Esq.
       Sattiraju Law Firm, PC
       116 Village Blvd #200
       Princeton, New Jersey 08540

**PLEASE TAKE NOTICE** that, on **Friday, June 9, 2016 at 9:00 a.m.** or as

soon thereafter as counsel may be heard, Defendant, MXD Group, Inc., through their

attorneys, Genova Burns LLC, will move before the Superior Court of New Jersey,

Essex County Clerk, Essex County Courthouse, 465 Martin Luther King Jr

Boulevard, Newark, NJ 07102 for an Order, pursuant to Rule 4:6-2(e), dismissing the

class action and statute of limitations allegations in Plaintiffs' Complaint for failure

to state a claim upon which relief can be granted.

**PLEASE TAKE FURTHER NOTICE** that, in support of this Motion, MXD

shall rely upon the submitted brief filed along with this Motion;

**PLEASE TAKE FURTHER NOTICE** that, MXD respectfully requests oral

argument;

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 1:6-2, a proposed

Form of Order is submitted herewith;

**PLEASE TAKE FURTHER NOTICE** that there is currently no discovery

end-date in this matter; and

**PLEASE TAKE FURTHER NOTICE** that there is currently no trial date

scheduled in this matter.

**GENOVA BURNS LLC**
Attorneys for Defendant
MXD Group, Inc.

By: _____
        Peter F. Berk

Dated: May 22, 2017

4821-8468-7689, v. 1

2



# GENOVA BURNS
### ATTORNEYS-AT-LAW

Genova Burns LLC
494 Broad Street, Newark, NJ 07102
Tel: 973.533.0777  Fax: 973.533.1112
Web: www.genovaburns.com

Peter F. Berk, Esq.
Counsel
Member of NJ Bar
pberk@genovaburns.com
Direct: 973–230–2071

May 22, 2017

**VIA OVERNIGHT MAIL**
Clerk, Superior Court of New Jersey
Superior Court of New Jersey – Essex County
465 Martin Luther King Jr. Boulevard
Newark, New Jersey 07102

    Re:    **Critian A. Bernal-Diaz, et al. v. MXD Group, Inc., et al.**
            **Docket No. ESX-2048-17**

Dear Sir or Madam:

    We represent Defendant MXD Group, Inc. f/k/a Exel Direct, Inc. in the above-referenced matter. Enclosed for filing please find an original and one (1) copy of the following:

1. Defendant's Notice of Partial Motion to Dismiss the Complaint;

2. Brief in Support of Defendant's Partial Motion to Dismiss;

3. Certification of Peter F. Berk, Esq.;

4. Proposed Form of Order; and

5. Certification of Service.

    Kindly file the originals and return one (1) copy of each marked "filed" in the enclosed self-addressed stamped envelope. Please charge the appropriate filing fee to this firm's account #140030.



Newark, NJ  •  New York, NY  •  Camden, NJ  •  Red Bank, NJ  •  Philadelphia, PA  •  Jersey City, NJ  •  Washington, DC



**GENOVA BURNS**
ATTORNEYS-AT-LAW

Clerk, Superior Court of New Jersey
May 22, 2017
Page 2

       Thank you for your attention to this matter.

                    Very truly yours,

                    **GENOVA BURNS LLC**

                    PETER F. BERK

PFB:wjw
Enclosures

c:     Hon. Grace Spencer (w/encs.) (Via Overnight Mail)
       Ravi Sattiraju, Esq. (w/encs.) (Via Overnight Mail)

GENOVA BURNS LLC
Peter F. Berk- 018592000
494 Broad Street
Newark, New Jersey 07102
TEL: (973) 533-0777
FAX: (973) 533-1112
Attorneys for Defendant, MXD Group, Inc. f/k/a Exel Direct, Inc.

| | |
|---|---|
| CRISTIAN A. BERNAL-DIAZ, RADHAMES DELROSARIO-JIMENEZ, FRANCIS NUNEZ, EMMANUEL PEREZ, EMANUEL SENA, WELLINGTON TORRES AND CHARLTON R. SABINA-BUENO, on behalf of themselves and all other similarly situated persons, | SUPERIOR COURT OF NEW JERSEY ESSEX COUNTY - LAW DIVISION |
| Plaintiffs, | DOCKET NO.: ESX-L-2048-17 |
| v. | |
| MXD GROUP, INC., f/k/a EXEL DIRECT, INC., JAMIE RACKETT, ABC CORPS. and JANE & JOHN DOES, | |
| Defendants. | |



**BRIEF IN SUPPORT OF DEFENDANT MXD GROUP, INC.'S RULE 4:6-2(e) PARTIAL MOTION TO DISMISS**

**GENOVA BURNS LLC**
Peter F. Berk, Esq. (018592000)
494 Broad Street
Newark, New Jersey 07102
TEL: (973) 533-0777
FAX: (973) 533-1112
Attorney for Defendant, MXD Group, Inc.

# TABLE OF CONTENTS

                                                                                    **Page**

I.    INTRODUCTION ...................................................................................................1

II.   BACKGROUND ....................................................................................................1

III.  ARGUMENT ..........................................................................................................4

      A.    Tolling of the statute of limitations does not apply where
            certification was denied based on deficiencies in the purported
            class ...............................................................................................................4

      B.    In addition to refusing to toll the statute of limitations for
            proposed class members, Plaintiffs should be barred from
            attempting to pursue the NJWHL claim on behalf of a class ...................5

IV.   CONCLUSION ........................................................................................................7

# **TABLE OF AUTHORITIES**

**Page**

*Allen v. V and A Bros., Inc.,* 208 N.J. 114, 137 (2011) .......................................................5

*American Pipe Construction Co. v. Utah,* 414 U.S. 538 (1974) .......................................4

*Bernal-Diaz, et al. v. MXD Group, Inc., et al.,* ESX-L-2048-17 ....................................3

*Crown, Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345 (1983).......................................4

*Echavarria et al. v. MXD Group, et. al.,* 2016 WL 1047225
    (D.N.J. Mar. 16, 2016 ................................................................................*passim*

*Fuentes et al. v. MXD Group, Inc., et al.,* UNN-L-0962-17 .............................................3

*Gonzalez v. MXD Group, Inc., et al.,* UNN-L-0963-17 ...................................................3

*Hennessey v. Winslow Twp.,* 183 N.J. 593, 599-600 (2005 ............................................5

*Jersey Cent. Power & Light Co. v. Lempke,* 2012 WL 1108526, at *3
    (N.J. App. Div. Apr. 4, 2012) ..........................................................................5

*Marte et al. v. MXD Group, Inc., et al.,* UNN-L-0968-17 ...............................................3

*McKowan Lowe v. Jasmine, Ltd.,* 295 F.3d 380, 386 (3d Cir. 2002) ...............................4

*Middlesex County Dept. of Health v. Importico,*
    315 N.J. Super. 397, 410 (App. 1998) .........................................................7

*Muise v. GPU, Inc.,* 371 N.J. Super. 13, 31 (App. 2004) .................................................6

*Mungiello v. Federal Express Corp.,* 2016 WL 6833070 (N.J. Super. 2016) ..................4

*Olivieri v. Y.M.F., Carpet, Inc.,* 186 N.J. 511, 521 (2006).............................................5

*Riley v. New Rapid Carpet Center,* 61 N.J. 218, 236 (1972) ...........................................6

*Staub v. Eastman Kodak Co.,* 320 N.J. Super. 34 (1999) ...............................................4

*Tice v. Am. Airlines, Inc.,* 162 F.3d 966, 971 (7th Cir. 1997)..........................................6

*Yang v. Odom,* 392 F.3d 97, 112 (3d Cir. 2004) ..........................................................4, 5

## I.    INTRODUCTION

"If at first you don't succeed, try, try, try again" is an inspirational proverb but is no way to administer justice.  Plaintiffs' counsel previously sought to certify *the same* claim he does here against the same defendant. After four years of litigation and a full briefing of the certification issue, the court determined that the factual showing plaintiffs needed to make under the applicable legal standards precluded classwide adjudication of their claim.[1] Less than a week after that case was dismissed, Plaintiffs' counsel filed this action. Nothing has changed; the law and the claim remains the same, only the forum is different.  Judicial economy and principles of fairness and consistency should bar Plaintiffs' attempted do-over.

While Plaintiffs' lawyer may hope a New Jersey state court venue will provide a different answer to the class certification question, absent an explanation of how he can address the complexities that preclude certification of his claims, there is no reason for the parties or this Court to engage in the exercise only to arrive at the same result. Even if Plaintiffs could pursue this case as a class action there can be no tolling of the statute-of-limitations for proposed class members. The rationale and rule regarding tolling does not apply to successively filed class actions. All allegations as to tolling the statute-of-limitations for proposed class members must be dismissed.

## II.    BACKGROUND

On October 17, 2014, Plaintiffs Camillo Echavarria, Johnathan Mark Adels, James Labrie, Maycol Gomez, Plinio Angulo, Jose Cruz, Henry Rivera, Jose Santos, Reinaldo Rodriguez, Andres Cruz, and Carlos Vargas, on behalf of themselves and all other similarly situated persons filed a Complaint against MXD and others ("*Echavarria Complaint*").[2]  Filing of the *Echavarria Complaint* occurred following

---

[1] A copy of the *Echavarria et al. v. MXD Group, et. al.*, 2016 WL 1047225 (D.N.J. Mar. 16, 2016) decision is attached as Exhibit 1.

[2] Prior to the *Echavarria Complaint* filing, there were two different iterations of the complaint filed solely by Mr. Echavarria. The first filing occurred on September 19, 2012, and the second was filed October 30, 2013.  Copies of all three Complaints are attached as Exhibits 2-4.

Plaintiffs' lawyers solicitation of clients through a mailing ordered by Judge Weisberg in Middlesex County.[3] The *Echavarria* plaintiffs were represented by the same counsel representing Plaintiffs in this matter, the named Plaintiffs here fell within the proposed class, and the claim asserted in both cases is identical:

| Case | Class Definition | Claim Asserted |
|------|------------------|----------------|
| *Echavarria* | "All individuals that reported to the William Sonoma facility in Monroe, New Jersey that performed truck driving and/or helper functions from August 2010 to the present" *Echavarria Complaint* ¶ 12. | "Defendants' conduct against the Class Members violates New Jersey Wage and Hour Law, NJSA 34:11-56a et. seq. by failing to compensate Class Members for all hours worked, and not paying overtime when Class Members worked over 40 hours per week." *Echavarria Complaint* ¶ 39. |
| *Bernal-Diaz* | "All individuals that were based out of the Williams-Sonoma Facility in Monroe Township, New Jersey, that performed truck driving functions from August 2013 to the present for MXD through JJP." Complaint ¶ 10.[4] | "Defendants' conduct against the Class Members violates New Jersey Wage and Hour Law, NJSA 34:11-56a et. seq. by failing to compensate Class Members for all hours worked, and not paying overtime when Class Members worked over 40 hours per week." Complaint ¶ 39. |

After removal to federal court, the *Echavarria* plaintiffs moved for class certification, which the court denied in a detailed opinion under Rule 23 of the Federal Rules of Civil Procedure. *Echavarria et al. v. MXD Group, et. al.*, 2016 WL 1047225 (D.N.J. Mar. 16, 2016). The court specifically addressed the propriety of certifying the claims of driver/helper plaintiffs who were neither hired nor paid by MXD; the drivers are precisely the individuals whom Plaintiffs seek to represent here. *Echavarria*,

---

[3] Judge Weisberg's Order is attached as Exhibit 5.
[4] As discussed below, Plaintiffs' limiting the class definition here to drivers for a specific transportation company—i.e., JJP Trucking, LLC—as opposed to all individuals who performed either "truck driving and/or helper functions" does not alter this analysis.

2016 WL 1047225, at *11. The court found that plaintiffs' claims were not appropriate for classwide adjudication because class members "cannot prove their case without individualized evidence." Specifically, the court explained that (1) plaintiffs failed to present a viable plan for showing that they were employed by MXD, (*id.* at *12-13), and further (2) "[t]he amount of control MXD exercised over [the suggested class] varied significantly" and that "there is no common codified set of MXD policies that the [suggested class] could rely upon at trial." *Id.* at *12.

Following denial of certification, the court denied Plaintiffs' motion for reconsideration, and the Third Circuit denied Plaintiffs' interlocutory appeal request.[5] The eleven *Echavarria* plaintiffs proceeded to settle their claims and, following an Order Administratively Terminating the Action, the district court entered an Order of Dismissal ending the case on March 8, 2017.[6]

Five days after the federal court Order of Dismissal, the same Plaintiffs' lawyer in the *Echavarria* action filed three separate lawsuits in Union County on behalf of individuals who, based on the respective allegations in each Complaint, would have been members of the *Echavarria* class had Plaintiffs' lawyer been successful in obtaining class certification. On March 22, 2017, the same Plaintiffs' lawyer filed a fourth lawsuit, this one in Essex County, also on behalf of individuals who based on the Complaint allegations would have been members of the *Echavarria* class.[7]

---

[5] Copies of the Opinion and Order denying the motion to reconsider along with the Third Circuit's denial of the interlocutory appeal request are attached as Exhibits 6 and 7.

[6] Copies of these Orders are attached as Exhibits 8 and 9.

[7] The four filings are *Marte et al. v. MXD Group, Inc., et al.*, UNN-L-0968-17 (Union County, filed Mar. 13, 2017); *Gonzalez v. MXD Group, Inc., et al.*, UNN-L-0963-17 (Union County, filed Mar. 13, 2017); *Fuentes et al. v. MXD Group, Inc., et al.*, UNN-L-0962-17 (Union County, filed Mar. 13, 2017); and *Bernal-Diaz, et al. v. MXD Group, Inc., et al.*, ESX-L-2048-17 (Essex County, filed Mar. 22, 2017). The cases are pending before four different judges, and similar Partial Motions to Dismiss are being filed in each case. Copies of all four Complaints are attached as Exhibits 10-13.

## III.   ARGUMENT

### A. Tolling of the statute of limitations does not apply where certification was denied based on deficiencies in the purported class

Plaintiffs' Complaint seeks recovery for purported New Jersey Wage and Hour Law ("NJWHL") violations dating back to August 2013, despite the filing of their Complaint on March 23, 2017.   Complaint, ¶ 10; *see also* N.J.S.A. 34:11-56a25.1 (establishing two-year statute of limitations for claims for unpaid overtime compensation).   Plaintiffs presumably, but mistakenly, rely upon the tolling of statutes of limitation during the pendency of class action suits in certain instances to arrive at the proposed August 2013 to present class period.   *American Pipe Construction Co. v. Utah*, 414 U.S. 538 (1974); *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1983) (extending tolling to individual claims); *Staub v. Eastman Kodak Co.,* 320 N.J. Super. 34 (1999) (adopting *American Pipe* and *Crown, Cork & Seal* rationale).

However, "*American Pipe* tolling does not apply to later class actions where a substantially identical class was denied certification due to a Rule 23 defect in the class itself." *Yang v. Odom*, 392 F.3d 97, 112 (3d Cir. 2004); *see also Mungiello v. Federal Express Corp.*, 2016 WL 6833070 (N.J. Super. 2016). As discussed above, the *Echavarria* court's denial of certification detailed the failure of the suggested class— the one substantially identical to the proposed class here and one of which Plaintiffs here would have been members—to meet Rule 23's predominance requirement. That opinion made clear that the defect was in the class itself (predominance) and not a deficiency in the lead plaintiffs. The substantive state law claim is the same here. To allow tolling would be to countenance plaintiff "attempting to resuscitate a class that a court [had] held to be inappropriate as a class action." *McKowan Lowe v. Jasmine, Ltd.*, 295 F.3d 380, 386 (3d Cir. 2002). Instead, the court should "refuse to toll limitations periods for substantively identical class actions in which the earlier

putative class was denied certification because the substantive claims were inappropriate for class treatment." *Yang*, 392 F.3d at 104.

Accordingly, while Plaintiffs individual claims would be tolled for the period of time between the *Echavarria Complaint* filing and denial of class certification in that case, proposed class members' are not. The Court should in turn dismiss the allegations in paragraph 10 and footnote 1 of the Complaint related to the statute of limitations.

### B. In addition to refusing to toll the statute of limitations for proposed class members, Plaintiffs should be barred from attempting to pursue the NJWHL claim on behalf of a class

The doctrine of collateral estoppel is an equitable doctrine intended to prohibit the relitigation of issues. *Allen v. V and A Bros., Inc.*, 208 N.J. 114, 137 (2011). Collateral estoppel advances "important policy goals" such as "finality and repose; prevention of needless litigation; avoidance of duplication; reduction of unnecessary burdens of time and expenses; elimination of conflicts, confusion and uncertainty; and basic fairness." *Olivieri v. Y.M.F., Carpet, Inc.*, 186 N.J. 511, 521 (2006) (quoting *Hennessey v. Winslow Twp.*, 183 N.J. 593, 599-600 (2005)). While the Supreme Court has held that collateral estoppel cannot *preclude* the relitigation of the propriety of class certification, "our legal system generally relies on principles of *stare decisis* and comity among courts to mitigate the sometimes substantial costs of similar litigation brought by different plaintiffs." *Smith v. Bayer*, 564 U.S. 299 (2011); *see also Jersey Cent. Power & Light Co. v. Lempke*, 2012 WL 1108526, at *3 (N.J. App. Div. Apr. 4, 2012)("For a New Jersey court now to take up the very same issue that the utilities have pressed unsuccessfully in Pennsylvania would compel the sort of "collateral second-guessing" our Supreme Court has condemned as anathema to principles of comity and federalism.").[8]

---

[8] A copy of this decision is attached as Exhibit 14. No contrary unpublished opinions are known to counsel.

Those "important policy goals" are epitomized here: unless the Court dismisses Plaintiffs class action allegations, MXD will be forced to relitigate the class certification issue, with the exact same Plaintiffs' lawyer, for the exact same claim, and as to a proposed group of individuals who were each members of the contemplated *Echavarria* class. To be sure, there is no "basic fairness" in litigating a case for four years, defeating class certification, and a week following settlement of the case having the same Plaintiffs' lawyer attempt a second bite at the apple. And rewarding Plaintiffs' lawyers "deliberate maneuvering to avoid the effects of" the *Echavarria* decision by refiling essentially the same case in state court likewise undermines these "important policy goals." *See Tice v. Am. Airlines, Inc.,* 162 F.3d 966, 971 (7th Cir. 1997).

The court in *Echavarria* expressly addressed the ability to adjudicate claims identical to those proposed in this action. Specifically, in *Echavarria* the court analyzed the evidentiary showing necessary to resolve whether MXD employed individuals with whom it had no privity; the same claim Plaintiffs advance here. That Plaintiffs limit their class to individuals who drove for a specific transportation company owner, i.e., JJP Trucking, LLC, is of no moment. The *Echavarria* Court denied certification because the evidence demonstrated no uniformity in the amount of control MXD exercised, which was only "partly driven" by the fact that members of that proposed class were employed by different transportation companies. *Echavarria*, 2016 WL 1047225, at *12. The issue, there as here, is whether drivers allegedly working for MXD through another transportation company can form a certifiable class. The district court in *Echavarria* said no.

Further, the underlying law is the same. In New Jersey, a suit must meet the requirements of Rule 4:32, which "is a replica of Rule 23 of the Federal Rules of Civil Procedure." *Riley v. New Rapid Carpet Center*, 61 N.J. 218, 236 (1972); *see also Muise*